and call the next case United States versus Mallory good afternoon your honor may I please the court Robert Salzman on behalf of the government your honor of course I'm prepared to address the jurisdiction issues that's but of course what I prefer to speak about is the government's appeal with regard to the suppression ruling of the district court yes I'd like three minutes for rebuttal please so if the court I will answer whatever questions the court has with regard to the jurisdiction the timeliness of the government's appeal I do want to address the jurisdiction with you for instance one of the cases you cite us to for an argument that the certification is not within 30 days non-jurisdictional requirement is the DC circuit and book art which describes some factors that the court would consider if it finds it not to be a jurisdictional requirement and then exercises its discretion as to whether to hear an appeal nonetheless I'm not sure we have a record on on these factors how did this happen and why shouldn't we think that this is going to become a big problem if we deem the certification requirement non-jurisdictional well I'll be very honest with your honor as to how it happened this is outside the record but if you ask me the question I supervise all appeals in our US Attorney's Office and the approval process for a government appeal comes through me it eventually goes up a chain and is made by the Solicitor General to approve the government's appeal once we get that approval customarily I filed a notice of appeal and that's been true in every government appeal for the last 15 years this was one instance in which I informed the trial AUSA who had handled the case that the final decision had been made to appeal and he went ahead and filed a notice of appeal without my knowing I then saw it popped up in my email moments later fortunately I looked at it and I saw that he probably filing his first notice of appeal did not that's how it happened I don't anticipate that this is any recurring problem that this court has to be concerned with it's the first time it's happened in my experience and I don't expect it to happen again but if we write an opinion in this case and we haven't addressed the issue you your argument is that it's non-jurisdictional it's not jurisdictional our primary is the notice of appeal and the certificate neither would be non-jurisdictional is that your no no the notice of appeal is jurisdictional and the 30-day requirement in all likelihood is jurisdictional it's not being disputed here but it's a statutory time requirement it's equivalent to the requirement for a civil appeal in bowls that the Supreme Court held is jurisdictional there's no doubt that we need to file a timely notice of appeal your point and another argument that you would make I assume is that you start the clock running when the order is entered in the docket that's right that's really our primary argument is that no court has ever held that rendered in this statute means entered the Supreme Court hasn't treated it that way the statute goes back over a hundred years the we have the federal rule that says that entry means the entry on the docket so that in our view is really the easy way to resolve this problem and again I apologize on behalf of my office for creating this problem and necessitating all the briefing that took place but but we don't believe that it's a difficult issue the one thing I'll add on that on the timeliness argument which is our first argument that entered and rendered of the same thing is the defense in their sir reply helpfully cited the heart case from the Supreme Court in 1944 and then they immediately say well don't rely on it that much they call it old I think this jurisprudential principle that if a Supreme Court case is old somehow we don't have to rely on it but what Hark said and it eventually held that the entry of a final order was the appealable trigger not the earlier entry of an opinion that granted the same relief which certainly supports our view here but then Hark also had an interesting line where it said and it's a criminal case it said we are without the benefit of a rule such as rule 58 of the federal rules of civil procedure which at that time said entry means entry on the docket well turns out after Hark Congress did allow for a rule that is exactly that rule so now we have that additional support but yes in addition every court to address the issue has held that this certification requirement is not jurisdictional I think there are eight circuits that have held that no one has held differently so there are three points that the defense has to meet and they have to meet them all and we don't believe that they meet any of them again we regret the error but it's consequential with regard to the government's appeal the this case interestingly and maybe that's why it was scheduled has a tremendous amount in common with the the white case that was just ably argued by mr. Shapiro mr. Donahue and even though we've changed tables we're really in the same position here there's really an underlying issue here of what as judge Frentz is having pointed out what can law enforcement do to protect themselves during the deadly business of policing while respecting Fourth Amendment rights and all of us as Americans cherish Fourth Amendment rights and certainly the sanctity of the home but we also need police officers to be able to engage in reasonable conduct to protect the community and this case much like the white case is about the same thing which is it's very easy as my colleague mr. Shapiro said to stand here in this courtroom a year later and talk calmly about what happened and it's an entirely different game to be the police officer who has to protect himself or herself and the people around them at the time in question what we know the most important fact in this case regarding mr. Mallory is that the officers absolutely knew there was a gun in that house that they had not found that had been in the possession of mr. Mallory they officer Huff saw the gun in his waistband the district court credited that they ran in they had to pry him out of the bathroom using a crowbar and he no longer had that gun so they know as they're taking him from the house there is a gun that is not found they also know having swept through the house to try to find mr. Mallory that there's nobody in the house that's not under their control isn't that an important fact too that is an important fact and so that means in worrying about what might happen they don't have a worry that there's anyone behind them in the house who could pose a danger any danger could come either from mr. Mallory or from the five family members who are on the front porch those are the people at issue and the district court said that those people were quiet they had been several of them had acted up earlier but they were quiet at the moment we accept that and the mr. Mallory was handcuffed and he was under control and so that gets us right to the question in this case which is does an officer have to then say all right I'm gonna assume that everybody's gonna stay quiet while I walk the steps going out the front door or can I take the modest step of looking in the area along which we're walking to see if there's a gun near these people there's no concern about other people as your honor says and that additional step we say is a reasonable thing to do the Supreme Court said in Hayden that an officer in a chase like this can make a threat to an effect an arrest or prevent an escape well actually the chase basically the chase was over right and that and that's why it's important what Hayden says that to affect an escape the arrest the entire sequence of the arrest is not over and so the question here is yes they were quiet but violence can explode in an instant and are we to stand here today and say to these police officers take your chances you know we're gonna tell you a year later it was quiet it was calm and you should walk out the door isn't it also reasonable for the officers under these facts and these circumstances to continue to look for evidence that the evidence being that gun only to a point your honor at some point at the search incident to arrest and and to prevent an escape does have to stop I understand that but at the point where they were walking mr. Mallory out of the house on the same pathway didn't they have the right to continue to at least look for that gun that they thought he had when he walked in yes this is in these circumstances this is equivalent to a search incident to arrest which allows it to search within the area of the arrestee in order to find evidence or to prevent the destruction of evidence and that's what's so critical here is that they didn't take him out the front door and go back and look in the bedroom they looked right behind the front door right next to where these people were standing you haven't argued that this is a search incident to arrest though that's not an issue in front of us is it? no we have not argued that we have argued exigent circumstances but what we have suggested in our briefing is that these are very closely related well on exigent circumstances the actual finding of the district court was Mallory's friends and family members did not present any threat doesn't that mean they don't present a threat now and in the foreseeable at least moments it will take to get out of the home or the time it might take to get consent or search warrant well I think that is the judge's conclusion and in our view that's a legal conclusion that subject it's the same as her conclusion that the exigency had dissipated this is her conclusion that based on the facts based on the fact that they are now quiet that there is no further threat that permits a exigent circumstances doctrine and that is wrong as a matter of law now aren't we reviewing her factual findings for clearly erroneous on a clearly erroneous standard yes and this is a very deferential standard this is addressed in the briefs at length your honor there are no disputes regarding the facts we accept all of the factual conclusions but if you accept all the factual conclusions doesn't that drive you to the conclusion that the exigent officers that were in complete control of the situation the gun was not in plain view and she did make a comment about the people present there were at least five officers on the scene to control Mallory who was handcuffed his exit from the home and the other people present the state and the fire I'm sorry to cut you off but the other finding is the five officers had adequate control and supervision over all people present the statement that the exigency had dissipated is a legal conclusion it is not a factual conclusion and every circuit to address the issue I think it's 10 circuits have held that the final application to the facts of whether there are exigent circumstances or whether they dissipated is a legal conclusion subject to plenary review this is all this court said and cold that's right and it was dictum in calls it wasn't an issue in fact there was no dispute about exigent circumstances at all it's mentioned but again it's not dispositive as to what's happening in the case the this court has never had a situation like this in which it may be dispositive and every other court that has governed by the Supreme Court's guidance in the Ornelas case which explains that these final legal conclusions regarding Fourth Amendment rights must be subject to plenary review further support from the judge there were not there was no possibility of unknown Confederates in the house since the officers had already conducted a thorough search of the residents so it seemed like everything had quiet that quieted down substantially and the officers were in control so that any further search would seem to have required a Fourth Amendment warrant and then that's where we disagree your honor and we don't believe this court should agree with the conclusion that the circumstances anticipated but you take no issue with any of the facts of the trial that's exactly right because and so what we have if I may go a little bit over my times what we have your honor is the the individuals outside are quiet Mr. Mallory is handcuffed but just moments before this was a very volatile situation you had Mr. Mallory who had run in needed a crowbar to get him out of the bathroom one of the sisters outside had been screaming and crying at the officers another sister had to be moved from the house at gunpoint another brother who was arrested because the officers didn't like his behavior had come back and argued now they were standing there quietly a couple moments later this was not a garden party and what these officers have to do at this moment is they have to decide how do we best protect ourselves and make sure nobody gets hurt here could it be that they're going to stay quiet could it be that everybody is under control absolutely no question about it but does a reasonable officer have to make that gamble instead of making the additional reasonable really minimal step of looking along the very path that they're walking to me and the very proximity of these people who had acted up just moments earlier that's what this case is about does it make any difference that the gun was under the umbrellas I don't think so I mean that they had at least uncovered the gun well no I mean it wasn't hidden enough we know because Mallory was able to toss it while on the run so it's not like it was buried under something difficult to get to and the other the danger of course in there being a weapon near this area is not just the danger that someone will reach it but what's the reaction of all these armed officers if someone tries to reach it what danger does that pose to the people who are in the vicinity and to the officers themselves the question here is not a complete search of the entire house it's what reasonable steps can an officer take to affect an arrest and prevent danger during the escape thank you Mr. Sazmier we'll get you back on rebuttal Mr. Schweitzer good morning your honors Brett Schweitzer the defenders office here for my colleague mentioned that we're on separate sides of the table but that doesn't make a difference here actually makes all the difference because what the government's really arguing here is search incident to arrest they have cited no cases and there are none and believe me I've looked that we found that apply the exigent circumstances doctrine to a situation like this where there has been arrest there's total control of the scene handcuffed multiple officers escorting the defendant now why it's important that this is really what the government and my colleague pretty much laid it right out this is a search incident to arrest why it's relevant is because those arguments are waived the government has not argued search and arrest and never did there the appellant and under Dupree that's not that's not that's not in the case so what we have to look at is the exigent circumstances doctrine and when you look at that and you look at the case law it's quite clear that the doctrine doesn't apply here we've cited a number of cases from the circuits now there aren't many and I suspect the reason is because typically the government tries to tries to argue this under a search incident theory didn't do that here but there aren't many cases but the ones that are all suggest that suppression is required those are Simmons I won't belabor the facts of this case in your unless your honors have questions but I would point you to it now the government relies on Hayden and that's it that's the only case it has and Hayden it's it's very important that the court take a careful look at Hayden because Hayden doesn't just say anything that happens at the same time as an arrest any search that happens is at the same time as an arrest is permissible under exigent circumstances what it says is if it's immediately contemporary with the arrest as part of an effort to find the suspect at large Hayden was a sui generis case about essentially limited to its facts that's why the court at least I was not that familiar with it before this case it's not doesn't come into play that much because there was a unique factual situation multiple officers hitting a house finding things in the in the basement laundry machine at the exact same time another officer found the defendant upstairs and the court in that unique circumstance said no okay the exigency was still occurring at that point so exception applies not the case here I'm a contemporaneity here you say is different than Hayden it's undoubtedly different your honor and but is it that much different though in time it well we don't exact well we don't know presumably it was anywhere from a few minutes he's in the back of the house he's cuffed he's taken into custody and then he's walked out so similar it's not we're not arguing it's foreign time but it isn't okay how about location is it you know in location it was on at least the pathway that they had reason to believe that Mallory took as was as was the case in Ford as was the issue is accessibility and that that's what that fact goes to so you're correct your honor if if this would be a better case for an even easier case for suppression if the gun had been found in the basement if it's not if the gun had been found in the basement but the ultimate issue is accessibility and that's a fact oh the this is a this is from from Hayden where the court said the Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives could you on that I mean they know there's a gun it's a volatile situation it why could they not it be by the door there they've already done a search well that's I think it was behind the door behind and then under an umbrella why couldn't they just submit that that's putting a fair amount of the rabbit in the hat because the fact finding here is that the situation was under control that is the fact finding now could there be another situation the district court wrote a meticulous opinion detailed fact findings heard many many witnesses sorted out lots of testimony and it came to these conclusions and those are factual conclusions and so could there be a different situation where there really is this murderous chaotic scene that's continuing at the time of the search it's got to be at the time of the search and and under those facts you know maybe there's a different result under the exigent circumstances doctrine but that those aren't the facts here and let me try to explain we have this dispute in this case over are these facts or is it a legal conclusion the most helpful way that I've found to think of it myself I hope so help the court is it's clearly factual determination because you know the issue of whether for instance hot pursuit as a category of imminent emergency qualifies under the under the exigent circumstances doctrine that might be a the things that the court might have looked at in Brown and so forth but whether any particular situation is hot pursuit cold pursuit what temperature pursuit that's the district courts role to look at and that's what the district court did here and I would I would remind the court what judge McLaughlin had to weigh in this case was an officer she expressly found to have lied to her at the hearing that's an that's an important now that's that's a fact too that's a credibility determination now that fact didn't end up directly relating to her decision but it certainly goes to point up the issue that what judge McLaughlin had to do in this case is take take the temperature of what happened here what was really going on and the fact that the officer lied about what he saw and when he saw the gun that's relevant and the district court I would submit is in the best position to make that determination were the police in control if they were in control there can't be exigent circumstances even under the facts as found wasn't it entirely reasonable what the officers did I mean it's a very limited intrusion they're already in the home lawfully that's not been disputed it's cold I think it's the middle of January it's late at night there's five family members maybe out on the porch all they did was you know move the door a little bit and look under the umbrella wouldn't have been less reasonable to take the time to go get a search warrant and maybe keep everyone out of the house keep the officers on that scene maybe enhance the volatility I don't think so on our end this goes to this issue of reasonableness reasonableness is the touchstone of the Fourth Amendment but that doesn't mean that the test is some nebulous reasonableness well we think this was probably a good idea all these doctrines we have I've used in circumstances search incident to arrest all these are aimed at giving content to reasonableness some sort of of meaning to this nebulous concept so it's not really an answer just to say hey this was reasonable and moreover it really wasn't reasonable here no you have been unreasonable for them to look in that scene the area under the umbrella or behind the door when they first went into the house and they were chasing him into that's permitted but there is a difference and let me try to give that flavor to the court there is a difference I mean this was a this was a terror this was a terrible situation for this family the my client's sister had a gun pointed in her face pulled out of the house my client's brother was illegally detained moments earlier in a supposedly unrelated incident so this was in the middle of the night this was a situation where the the officers came in and in response to a legitimate exigency man in the house uncontrolled with a gun they did everything we're not here arguing that looking in the in the drawers on the third floor it was wrong they're permitted to do that under Hayden but there is a difference and a meaningful difference if the Fourth Amendment is going to have any bite to the exigency is over and now you're not allowed to just rummage through the house this is the house especially when you had such a ready alternative at this point the mother was cooperating with the police the mother talked tried to talk the the defendant in this case my client mr. Mallory out of the bathroom now he didn't come out he didn't resist when she was pulled out she was on the team in this case why they couldn't have looked at her and said is it okay if we keep looking for this gun we don't we don't concern about your safety we're concerned about whatever you know let's we want to find that gun I suspect she probably would have said yes given the fact that she was cooperating the government didn't take that opportunity that was right there in front of it and I do think that's material because we don't just allow the police even if they've raided a house with cause under the Fourth Amendment to continue that that's what all the cases stand for again I can't emphasize enough to your honors that there are no cases if you accept my argument distinguishing hey there are no cases in this area that come out in favor of the government I would like to speak for a moment on jurisdiction if I may and I would say that that the we're not here disputing the explanation of what happened as a factual matter for the government but I would point your honors to the the part of the argument relating to whether the certification requirement is jurisdictional because I think everything else flows from that and I won't spend a lot of time on it but if that is jurisdictional which I submit is compelled by this courts case in CNA as well as all the cases all the recent cases in this area if that's the situation if the certification requirement is jurisdictional then it must be filed within 30 days actually I haven't found too many that say it is jurisdiction I would say you say that there are cases that say the certification is jurisdiction no your honor there are 20 years of old unconsidered cases that say this isn't jurisdictional when you look at the last you know when you look at all of the recent Supreme Court cases about what jurisdictional really means and when you look at this court's decision in CNA which distilled the test for how you determine whether requirement is jurisdictional it's absolutely the result I submit is compelled and that is because 3731 expressly conditions the jury the the jurisdiction of the court on the certification it says that an appeal will lie if the government certifies now under all of the recent Supreme Court cases and this circuits cases that's jurisdictional now why I point that out to the court is because everything flows from that the 30-day requirement jurisdictional requirements must be completed within the time to file a notice of appeal that I don't think can really be disputed that's black-letter law and it shows why the operative date is rendition and not entry because rule 4 will not apply if the rendition if the certification requirement is jurisdictional so I would I would urge the court to take a close look at that issue because I don't think it's a technicality it is an important issue that regardless of whether the factual circumstances in this case really indicate a mistake or whatever else equitable considerations such as there was no bad intent here there was a mistake those are not exceptions to jurisdictional rules but why wasn't the certification timely enter why wasn't it timely if the clock started running when the order was entered you are the clock if the clock starts when it's entered it's timely okay so if you agree with that yeah I agree with that so if it's but if it if it starts when it's rendered which I think this is also pretty clear then it's not and why I say it's rendered instead of entered is because a couple of things first of all the rule for entry doesn't control because it's jurisdiction if we say it does then that if you're if the court were to if the court were to say that these the clock starts on entry we don't have an argument I'm not going to dispute that but it would be a real leap to say that first of all it doesn't comport with the statutory text it says rendered not entered and it would be inconsistent with this court's decision in the Baker which is a recent case where the court said we're not going to redefine or monkey around with the definition of a term in that case it was entered to mean something that it doesn't mean in that case a prisoner wanted to file a civil appeal in a case that he had he was never notified of the district court's judgment and so then he came in when he finally found out about it months and filed his notice of appeal and he said you know you should count the clock the appeals clock entered means when I found out about it and this court said no we can't torture the meaning of enter to mean that it's not consistent with the fact that this is jurisdictional and it just doesn't make any it doesn't make sense and I'm sorry you you're out of luck it's not your fault you're out of luck and that's the same goes for the government here the government is an unfortunate circumstance but that's the nature of the jurisdictional role with respect to the standard of review back to the merits your honors Kohl's is controlling I don't think the case turns on it but it is there's no doubt that this court has consistently applied Kohl's for the last ever since Kohl's was decided as establishing a clear error standard here and the fact of the matter is and that's a good reason why they do that why the court did that and that's because although there might be some reason there might be some level room for a plenary review in an exigency circumstances case it's not at the level that this appeal is being disputed this appeal is being disputed over the control that the officers had and we have very careful fact findings on that by the district judge mr. Spicer thank you very much thank you mr. Sousmer your honor Hayden is controlling my friend mr. Spicer made a very critical statement when he said he's not arguing that there's a difference in time relating to Hayden versus this case that this is this search was contemporaneous in the sense described in Hayden during the time of possibility of escape that's a critical concession this to say that Hayden is limited to its facts which is quite a bold statement to make about a Supreme Court case is not accurate a quick glance at Westfall on my smartphone tells me that Hayden has been cited by courts six thousand five hundred and sixty times this is a Supreme Court case that's deserving of respect and in fact the kid the facts here are stronger the contemporaneous search in Hayden is a washing machine in the basement a fixtures in the bathroom while other officers are moving in on the defendant who's being arrested while he's pretending to be asleep here it's a search behind the front door that Mallory came through and that they have to take him back out of contemporaneous as the defense is now recognized with the arrests that's taking place that's what makes Hayden controlling here the other couple points he made I'll address quickly the credibility finding of the district court yes the district court did find officer Huff incredible as to one fact whether he saw Mr. Mallory put the gun behind the door but the judge credited him regarding all the other facts that we've talked about and the issue that we're left with are the facts as found by the district court as known to an objective reasonable officer not Huff not one of the other people there what would an objective officer think under these facts and that's what calls for the final legal conclusion that this court needs to make on plenary review of what an objective reasonable officer is permitted to do knowing all the facts that the district court found and finally he mentioned that there's a red there were ready alternatives that is really not supported by the record the judge said they could have asked the mother for consent maybe she would have given it they could have secured the building maybe they could have gotten a warrant now we on the other hand if this case were remanded to flesh out the record on that we think the record would actually then support a finding of inevitable discovery we did not put on a record because these arguments were not made in the district court to show that they would have secured the house they would have obtained a warrant. What about the search incident to arrest, is that waived? Yes we have not argued that we've argued this is exigent circumstances. So it is waived? Yes if it's just not presented. What about the Baker decision that was just referred to? On the jurisdictional issue? That is a completely different situation that's an interpretation of the word enter in rule four that the party in that case wanted to stretch based on the fact that the inmate was not aware of the order at all that's not what we're asking for here we're asking for the definition of entry as it is stated in the statute. Not at all we're asking for render to be applied as it's controlled by rule four the rules enabling acts gave the authority to the Supreme Court and ultimately Congress to enact rules to interpret these very provisions rule four was enacted for this reason it interprets render and it has consistently been applied as many entered to boot if we even needed more section 3731 itself says that the statute is to be liberally construed to effectuate its purpose which we know is to permit government appeals to the extent permitted by the Constitution I could go I could say more about the jurisdiction the reference to CNA is not accurate the it did not define one limiting principle and to the extent it did it's been contradicted by every Supreme Court case afterwards the principle that they derive is that as then that means it's jurisdictional we've had a number of Supreme Court cases since then Gonzalez Henderson Dolan all involving filing requirements that are in the very same statute that the court has found not jurisdictional the interesting thing is he says there are 20 years worth of cases finding these requirements not jurisdictional and somehow they're overruled by these recent Supreme Court cases well every single one of these recent Supreme Court cases has found the provision being looked at not jurisdictional that's the trend in the Supreme Court is to restrict the excessive use of the term jurisdictional by lower court the only exception is Bowles which involves an explicit 30-day filing requirement for a civil appeal akin to the 30-day requirement here which we acknowledge is jurisdictional every other provision like this which the Supreme Court refers to as a think twice requirement to make sure that the party does something before it files an appeal has been held not jurisdictional thank you thank you very much mr. Schweitzer as well we'll take the case under advisement and we will